1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                         EASTERN DISTRICT OF CALIFORNIA

10

11    RICHARD TUSO, on behalf of        No.  2:20-cv-02130-JAM-CKD
      himself and others similarly
12    situated,

13                  Plaintiff,          **ORDER GRANTING DEFENDANTS'
                                        MOTION TO DISMISS**
14          v.

15    NATIONAL HEALTH AGENTS,LLC, a
      Florida company, et al.,
16
                    Defendants.
17

18          This matter is before the Court on National Health Agents,

19    LLC ("NHA") and Interstate Brokers of America, LLC ("IBA")

20    ("Defendants") Motion to Dismiss.  Mot., ECF No. 19.  Richard

21    Tuso ("Plaintiff") filed an opposition, ECF No. 29, to which

22    Defendants replied, ECF No. 32.  After consideration of the

23    parties' briefing on the motions and relevant legal authority,

24    the Court GRANTS Defendants' Motion to Dismiss.[1]

25    ///

26    ///

27    [1] This motion was determined to be suitable for decision without
      oral argument.  E.D. Cal. L.R. 230(g).  The hearing was
28    scheduled for February 23, 2021.

                                      1

1          I.   FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

2          Defendants NHA and IBA, two limited liability companies

3    headquartered in Fort Lauderdale, Florida, place telemarketing

4    calls promoting and selling the insurance services of other

5    companies to consumers.  Compl. ¶¶ 2-3, 23, 28, ECF No. 1.

6    Between June and September 2020, Plaintiff, a resident of

7    Roseville, California, received a number of unsolicited

8    telemarketing calls from Defendants.  Id. ¶¶ 49-51 (June 16, 2020

9    call), 52-53 (July 16, 2020 call), 54-56 (August 18, 2020 call),

10   57-60 (August 21, 2020 call), 61-62 (August 26, 2020 call), 81-82

11   (September 15,18, and 29, 2020 calls).  In response, Plaintiff

12   filed this action on behalf of himself and those similarly

13   situated, under the Telephone Consumer Protection Act ("TCPA"),

14   47 U.S.C. § 227, Compl. ¶ 8, which prohibits sending unsolicited,

15   autodialed text messages and calls to cellular telephones.  Id.

16   § 227(b)(1)(A)(iii).  Defendants now move to dismiss.  See Mot.

17

18                        II.   OPINION

19   A.   Request for Judicial Notice

20        Defendants request the Court take judicial notice of two

21   exhibits: IBA and NHA's Florida Limited Liability Company Annual

22   Reports.  See Defs.' Req. for Jud. Notice ("RJN"), ECF No. 20.

23   Plaintiff does not oppose this request.  The Court finds both

24   documents to be matters of public record and therefore proper

25   subjects of judicial notice.

26        Accordingly, the Court GRANTS Defendants' Request for

27   Judicial Notice.  However, the Court takes judicial notice only

28   of the existence of these documents and declines to take

                              2

1  judicial notice of their substance, including any disputed or

2  irrelevant facts within them.  <u>Lee</u>, 250 F.3d at 690; <u>see also</u>

3  <u>Gish v. Newsom</u>, No. EDCV 20-755-JGB(KKx), at *2 (C.D. Cal. April

4  23, 2020) (explaining courts judicially notice only "the

5  contents of the documents, not the truth of those contents").

6      B.  <u>Proper Venue</u>

7      Defendants advance several arguments as to why Plaintiff's

8  Complaint should be dismissed.  Mot. at 3-12.[2]  Their leading

9  argument is that Plaintiff has failed to establish that venue is

10 proper in this District.  Mot. at 1, 3-5.

11     1.  <u>Legal Standard</u>

12     A Rule 12(b)(3) motion attacks the complaint as not

13 alleging sufficient facts to establish that venue is proper.

14 <u>See</u> Fed. R. Civ. P. 12(b)(3).  The plaintiff bears the burden of

15 establishing that venue is proper in the district in which the

16 lawsuit was initiated.  <u>Hope v. Otis Elevator Co.</u>, 389 F. Supp.

17 2d 1235, 1243 (E.D. Cal. 2005).

18     A civil action may be brought in: (1) a judicial district

19 in which any defendant resides, if all defendants are residents

20 of the State in which the district is located; or (2) a judicial

21 district in which a substantial part of the events or omissions

22 giving rise to the claim occurred.  28 U.S.C. § 1391(b).

23 ///

24

25 [2] Defendants also argue that the Court lacks subject matter
   jurisdiction, <u>see</u> Mot. at 5-10, and that Plaintiff have not

26 plausibly alleged any misconduct by NHA, <u>see id.</u> at 10-12, to
   which Plaintiff responds the Court does have jurisdiction, <u>see</u>

27 Opp'n at 4-8, and that NHA is liable under an alter ego theory,
   <u>see id.</u> at 9-10.  Until the issue of venue is resolved, however,

28 the Court need not reach these additional arguments.

2.   Analysis

The parties agree that venue is not proper in the Eastern District of California under § 1391(b)(1), as none of the Defendants are residents of California.  See Compl. ¶¶ 2-6; Mot. at 4.  The parties, however, disagree about whether venue is proper in the Eastern District under § 1391(b)(2), that is, whether a substantial part of the events or omissions giving rise to Plaintiff's claim occurred here.  See Compl. ¶ 9; Mot. 4-5.

Defendants argue Plaintiff's two allegations - that (1) he resides in the District, Compl. ¶ 1; and (2) the wrongful conduct giving rise to this case was directed at Plaintiff in this District, id. ¶ 9 – are insufficient to establish a substantial part of the relevant events occurred in the Eastern District.  Mot. at 4-5.  As Defendants highlight, Plaintiff does not specifically allege that Defendants placed the calls from this District, nor that he received the calls from Defendants while in this District.  Id.  Notably, in opposition, Plaintiff points the Court back to the same two allegations.  Opp'n at 4 (citing to Compl. ¶¶ 1, 9).  Thus, the narrow question before the Court is whether Plaintiff has met his burden to establish venue is proper under § 1391(b)(2) with these two allegations.

Insisting he has, Plaintiff relies on this Court's decision in Neff v. Towbin Dodge LLC, No. 2:20-CV-00261-JAM-DMC, 2020 WL 6802188, at *2 (E.D. Cal. Nov. 19, 2020) (finding substantial part of the events giving rise to TCPA claim took place in the Eastern District of California "where the phone call was directed and where the harm was inflicted").  In Neff, the

1   plaintiff alleged he resided in the Eastern District and
2   received the TCPA-violative calls to his cell phone here.   Id.
3   at *1.   From these allegations, the Court inferred that Neff had
4   received the communications in this district; and because the
5   plaintiff's injury, receipt of the communications, occurred in
6   the district, the Court found a substantial part of the events
7   giving rise to his claim occurred here and accordingly that
8   venue was proper in Eastern District of California.   Id. at *1-
9   2.   Neff therefore does support Plaintiff's general contention
10  that in TCPA actions, venue may be proper in the district where
11  Plaintiff received the calls.

12       However, Neff is of limited use to Plaintiff because the
13  allegations in the two cases are distinguishable.   Specifically,
14  Plaintiffs' allegations here are more bare-bone and conclusory
15  than those in Neff.   For instance, the Neff plaintiff
16  specifically alleged he received the calls to his cell phone
17  while here in the District.   Neff, 2020 WL 6802188, at *1.   By
18  contrast, here there is no such allegation.   Instead, paragraphs
19  1 and 9 of the Complaint state only that "Plaintiff is a
20  resident of Roseville" and that venue is proper in this district
21  "because Plaintiff resides in this District and the wrongful
22  conduct giving rise to this case was directed to plaintiff in
23  this District."   Compl. ¶¶ 1,9.   The Court finds these bare-bone
24  assertions unsupported by specific factual allegations are
25  insufficient to establish venue is proper in the Eastern
26  District.   See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570
27  (2007) (explaining at the motion to dismiss stage, the Court
28  need not "accept as true a legal conclusion couched as a factual

1  allegation"); see also Swartz v. KPMG LLP, 476 F.3d 756, 766

2  (9th Cir. 2007) (explaining that "[m]ere 'bare bones' assertions

3  . . . or legal conclusions unsupported by specific factual

4  allegations will not satisfy a plaintiff's pleading burden").

5      Because Plaintiff has not met his burden to establish venue

6  is proper here, his complaint is dismissed without prejudice.

7      C.   Transfer

8      Instead of bringing a motion to transfer venue along with

9  their motion to dismiss, Defendants tack on the following

10 statement to their Motion: "if the court determines that venue

11 is improper, it may either dismiss the action or if it is in the

12 interests of justice, transfer the action to the action to a

13 district in which the action could have been brought."  Mot. at

14 3-4.  In support of this proposition, Defendants cite to King v.

15 Russell, 963 F.2d 1301 (9th Cir. 1992).  Mot. at 4.  In King,

16 the defendants originally requested transfer rather than

17 dismissal, yet the district court chose to dismiss the case on

18 the grounds of improper venue.  Id. at 1304.  The Ninth Circuit

19 affirmed, finding that the district court had not abused its

20 discretion.  Id. at 1305.  According to Defendants, King

21 instructs that "whether to dismiss for improper venue or

22 transfer venue is within the sound discretion of the district

23 court."  Mot. at 4; Reply at 2.  Defendants further suggest that

24 the proper venue for this case is the Southern District of

25 Florida, where both Defendants reside.  Mot. at 1.

26     The Court, however, does not agree that King, a case in

27 which defendants requested transfer rather than dismissal and

28 the court dismissed, clearly authorizes transfer here, where

6

1    Defendants have only formally moved for dismissal rather than
2    transfer.  If Defendants seek to transfer this case to the
3    Southern District of Florida, they should bring a motion to
4    change venue.  C.f. Motion to Dismiss and to Change Venue Neff,
5    2020 WL 6802188 at *1 (specifically bringing a "Motion to
6    Dismiss for Improper Venue and, in the alternative, Motion to
7    Change to Venue to the District of Nevada").

8

9                         III.   ORDER

10         For the reasons set forth above, Defendants' Motion to
11    Dismiss is GRANTED WITHOUT PREJUDICE.  If Plaintiff elects to
12    amend his complaint, he shall file an Amended Complaint within
13    twenty (20) days of this Order.  Defendants' responsive pleadings
14    are due twenty (20) days thereafter.
15         IT IS SO ORDERED.
16    Dated: March 2, 2021

17

18                                        _____
                                          JOHN A. MENDEZ,
19                                        UNITED STATES DISTRICT JUDGE

20

21

22

23

24

25

26

27

28